JOHN W. HUBER, United States Attorney (#7226)
SAM PEAD, Assistant United States Attorney (#11945)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISION |
|---|---|
| Plaintiff, | |
| vs. | |
| DAVID JOHN D'ADDABBO, | Case no. 1:18-cr-00101 JNP |
| Defendant. | Judge Jill N. Parrish |

Comes now the United States, by and through Sam Pead, Assistant United States Attorney, who hereby responds to the Defendant's motion for early termination of supervision, and prays the Court to deny this motion.

At the outset, the United States is pleased that the Defendant has strictly complied with his supervised release conditions to this point, and compliments him for his efforts thus far.

That being said, the United States and the Defendant, as part of mitigating the potential for suppression and greater consequences (respectively) in this case, entered

into a plea bargain that led to a generous outcome for him, and as part of that plea bargain the Defendant and the United States agreed to a term of supervised release of 2 years. *United States v. D'Addabbo*, 1:18-cr-101 JNP (D. Utah), Doc. 62, ¶ 12(c). This sentence (including the time for supervised release) was stipulated to by the parties under Fed. R. Crim. P. 11(c)(1)(C), and was subsequently accepted and agreed to by the Court.

The Defendant argues there is nothing else to be gained by continued supervision. This could be true, but it could also be argued that supervision and the immediate threat of going back into custody under the standards that are applicable to supervised release provide some motivation for his compliance. Additionally, while the Defendant may feel there is little for him to gain with continued supervision, his supervision provides some peace of mind to law enforcement and others who have had involvement with him in the past.

Based on this, the United States believes it is entitled to the benefit of its bargain with the Defendant for a 24 month period of supervised release, and that his supervision lasting 24 months is warranted. The United States does not believe this to be overly burdensome or difficult for the Defendant, especially since his total time of incarceration and supervised release are on the low end of sentences typical for gun offenses in federal court.

Therefore, the United States prays the Court to deny the Defendant's motion for early termination of supervision.

Dated this 30th day of April, 2020.

JOHN W. HUBER
United States Attorney

/s/ Sam Pead
_____
SAM PEAD
Assistant United States Attorney